**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
Craig L. Keller - 007425
ckeller@gustlaw.com
Telephone No. (602) 257-7422
Facsimile No. (602) 254-4878
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Board of Trustees of The Arizona Bricklayers' Pension Trust Fund, a trust,<br><br>Plaintiff,<br><br>v.<br><br>Rafael G. Obeso and Jane Doe Obeso, husband and wife,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, for its complaint against Defendants, states and alleges as follows:

## GENERAL ALLEGATIONS

1. This Court has jurisdiction of this case pursuant to § 502(e)(2) of the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to ERISA §502(a)(3), to redress violations or to enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in §502(f) of ERISA, 29 U.S.C. §1132(f).

2. Venue is proper in this Court pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that this is the district in which the Plaintiff trust fund is administered.

3. To the extent this Complaint sets forth any state law claims, this Court has

1 supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

2       4.      The Arizona Bricklayers' Pension Trust Fund (hereinafter the "Trust Fund") is managed by a board of trustees ("Trustees" or "Plaintiff") and Plaintiff is the designated agent of the Trust Fund. The Trust Fund is a labor-management trust fund established under § 302 of the Labor Management Relations Act, as amended ("LMRA") [29 U.S.C. § 186]. Plaintiff is designated as the payee for certain contributions required to be made by employers signatory to or otherwise bound by collective bargaining agreements with the Bricklayers and Allied Craftsmen Local Union No. 3, a labor organization (hereinafter "Union"). Plaintiff and Trust Fund are empowered by ERISA [29 U.S.C. § 1001, et. seq.] to sue and be sued as an entity. Contributions due to Plaintiff are required to be made to a depository in the City of Phoenix, County of Maricopa, State of Arizona.

      5.      The Trust Fund is governed by federal law and provisions of a Trust Agreement. The Trust Fund administers a program of pension benefits for eligible participants and beneficiaries of the Trust Fund pursuant to the written rules and regulations of the Trust Fund (hereinafter the "Trust Fund Rules").

      6.      Plaintiff is a fiduciary with respect to the Trust Fund as defined in § 2(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

      7.      Upon information and belief, Defendants Rafael G. Obeso (also known as Rafael Gamez Obeso and hereinafter referred to as "Defendant") and Jane Doe Obeso (hereinafter referred to collectively as "Defendants"), are husband and wife residing in the state of Arizona. Defendant is and/or was an employee participant of the Trust Fund through his employment with employers signatory to a collective bargaining agreement that is doing or has done business in an industry affecting interstate commerce; to wit: the providing of construction services and supplies.

## **COUNT ONE**

### **(Restitution for Unjust Enrichment)**

8. Plaintiff hereby incorporates each of the allegations contained in Paragraphs 1 through 7 above as though fully set forth herein.

9. Defendant applied for early retirement on or about June 20, 2011, and was approved for early retirement by the Trustees of the Trust Fund.

10. As a Participant in Early Retirement, Defendant was prohibited by Article III, Section 8(a) and Article VII, Sections 8(a) and 9(a) of the Trust Fund Rules from working in the bricklaying trade, craft, or industry within the jurisdiction of the collective bargaining agreement ("CBA") between the Union and the signatory employers. The jurisdiction of the CBA is the state of Arizona.

11. Upon information and belief, despite his early retirement status, in July, 2011, Defendant resumed working in the bricklaying trade, craft, or industry in Arizona.

12. Upon information and belief, From July, 2011 through December, 2014, and a period of time in 2015 and twelve months following such period, Defendant received monthly pension benefits checks, each in the amount of $404.00, totaling $22,220, the exact amount to be proven at trial (hereinafter the "Overpayment") that Defendant was ineligible to receive due to his employment in the bricklaying trade, craft or industry in the jurisdiction of the CBA and the suspension rules set forth in the Trust Fund Rules.

13. Pursuant to Trust Fund Rules, Article VII, Section 2(b), if due to any administrative error or intentional or accidental misstatement of information, benefits are paid in excess of the amount to which a participant is entitled to receive under the Trust Fund Rules, the participant is obligated to repay the Trust Fund the amount of the overpayment.

14. In addition to the principal amount Defendant was not entitled to receive,

1 Defendant is also obligated to compensate the Trust Fund for lost investment revenue
2 the Trust Fund would have earned on the amount of money erroneously paid to
3 Defendant. As of March 9, 2018, Defendant owed a total of $6,410.87 in lost
4 investment income to the Trust Fund, the exact amount to be proven at trial.

5       15.    On February 8, 2018, legal counsel for the Trust Fund sent a formal
6 demand letter to Defendant, demanding that Defendant reimburse the Trust Fund for the
7 Overpayment and the lost investment revenue.

8       16.    Defendant has refused and/or failed to repay to the Trust Fund the amount
9 of the Overpayment nor compensate the Trust Fund for the amount of investment
10 income the Trust Fund lost due to Defendant's improper receipt and withholding of the
11 Overpayment.

12      17.    Upon information and belief, the Trust Fund was and is entitled to the full
13 amount of the Overpayment, plus lost investment income of at least $6,410.87 as of
14 March 9, 2018, the exact amount to be proven at trial.

15      18.    Section 502 of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action
16 may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or
17 practice which violates any provision of this title or the terms of the plan, or (B) to
18 obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce
19 any provisions of this title or the terms of the plan."

20      19.    Plaintiff, as fiduciary of the Trust Fund plan, brings this claim against
21 Defendant to obtain appropriate equitable relief for Defendant's violations of ERISA
22 and the Trust Fund Rules, as set forth above, and pursuant to § 502 of ERISA 29 U.S.C.
23 § 1132(a)(3) and Article VII, Section 2(b) of the Trust Fund Rules.

24      **WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

25      A.     For restitution of losses sustained by the Trust Fund in an amount totaling
26 at least $22,220.00, the exact amount to be proven at trial;

1       B.     For lost investment income on the amount erroneously paid to Defendants from December, 2011 through the date of Judgment in the amount of at least $6,410.87, the exact amount to be proven at trial;

      C.     For Plaintiff's reasonable attorneys' fees in the minimum sum of $5,000.00 incurred and expended herein;

      D.     For Plaintiff's costs incurred and expended herein;

      E.     For pre-judgment interest at the highest legal rate on each of the above sums;

      F.     For interest at the highest legal rate on each of the above sums from the date of judgment until payment thereof; and

      G.     For such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 7th day of June, 2018.

                                        GUST ROSENFELD, P.L.C.

                                        By*/s/ Craig L. Keller*
                                            Craig L. Keller
                                            Attorneys for Plaintiff