WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Board of Trustees of the Arizona Bricklayers' Pension Trust Fund,<br><br>Plaintiff,<br><br>v.<br><br>Rafael G. Obeso, et al.,<br><br>Defendants. | No. CV-18-01765-PHX-JGZ<br><br>**ORDER** |

Pending before the Court is a motion for default judgment filed by Plaintiff Board of Trustees of the Arizona Bricklayers' Pension Trust Fund (Trustees). (Doc. 23). Having reviewed the motion and the filings in this case, the Court will deny the motion without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

Trustees seek reimbursement of monthly pension benefit checks paid to Defendant Rafael Obeso. Trustees argue that Obeso was ineligible to receive the benefits due to his employment in the bricklaying trade in contravention of a collective bargaining agreement. Trustees' complaint asserts one cause of action for Restitution for Unjust Enrichment. The complaint and the affidavit in support of the motion for default allege the following facts.

The Arizona Bricklayers' Pension Trust Fund (Trust Fund) is a labor-management trust fund under 29 U.S.C. § 186. (Doc. 1 ¶ 4.) The Trust Fund administers a pension

benefits program for eligible participants and beneficiaries that is subject to written rules and regulations (Trust Fund Rules). (Doc. 1 ¶ 5.) Plaintiff Trustees is the designated agent of the Trust Fund and is tasked with management of the Fund. (Doc. 1 ¶ 4.) Obeso "is . . . or was an employee participant of the Trust Fund through his employment with employers signatory to a collective bargaining agreement." (Doc. 1 ¶ 7.)

Obeso applied for early retirement on or about June 20, 2011, and was approved by the Trustees. (Doc. 1 ¶ 9.) "As a Participant in Early Retirement, [Obeso] was prohibited . . . from working in the bricklaying trade, craft, or industry within the jurisdiction of the collective bargaining agreement (CBA) between the Union and the signatory employers. The jurisdiction of the CBA is the state of Arizona." (Doc. 1 ¶ 10.) Trustees allege, "[u]pon information and belief," that despite his early retirement status, in July, 2011, Obeso resumed working in the bricklaying trade craft, or industry in Arizona. The Trust Fund made monthly payments to Obeso from July 1, 2011 to December 31, 2014, and January 10, 2015 to January 31, 2016, that Obeso "was ineligible to receive due to his employment in the bricklaying trade, craft or industry in the jurisdiction of the CBA and the suspension rules set forth in the Trust Fund Rules." (Doc. 1 ¶ 12; Doc. 24.) "[I]f . . . benefits are paid in excess of the amount to which a participant is entitled to receive under the Trust Fund Rules, the participant is obligated to repay the Trust Fund the amount of the overpayment." (Doc. 1 ¶ 13.) In support of its motion for default, Trustees attached estimated time periods Obeso worked in prohibited employment or periods of suspension. (Doc. 24-1 at 2.) The Trustees do not state what work Obeso did in violation of the Trust Fund Rules, the basis for the belief that Obeso was working in prohibited employment, or the manner in which the time periods were determined.

The Trust Fund sent Obeso a demand letter on February 8, 2018, requesting reimbursement. (Doc. 1 ¶ 15.) When Obeso failed to reimburse the Trust Fund, Trustees filed a Complaint on June 7, 2018, seeking $22,220 in restitution of losses, $6,410.87 for lost investment income, reasonable attorneys' fees, costs, and pre- and post-judgment

interest. (Doc. 1 at 4-5). Obeso was served with the Summons and Complaint on August 5, 2018, but failed to answer or otherwise defend the claim. (Docs. 12, 14.) Trustees applied for entry of default against Obeso on October 26, 2018, which the clerk entered on October 29, 2018. (Docs. 14, 15). Obeso's wife, Defendant Jane Doe Obeso, whose real name is Elva Obeso, was personally served with the Summons and Complaint on November 27, 2018. (Doc. 20). Trustees applied for entry of default against Elva Obeso on December 21, 2018 after she failed to answer or otherwise defend. Default was entered on December 26, 2018. (Docs. 21 & 22). Trustees now seek entry of default judgment against both Defendants. (Doc 23).[1]

## DISCUSSION

**A. Default Judgment**

After entry of default, a court may enter a default judgment. *See* Fed. R. Civ. P. 55. Whether to enter a default judgment is within the court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Several factors guide this determination:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Generally, following default, the court accepts as true the well-pleaded factual allegations in the complaint, except those relating to damages. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff must plead specific facts because "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal citation and quotation marks omitted). Furthermore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by

---

[1] The Court concludes that it has subject matter jurisdiction over this action and personal jurisdiction over Defendants. 28 U.S.C. § 1131; 29 U.S.C. § 1132(a)(3), (e)(1)(f); Fed. R. Civ. P. 4.

default." *Cripps*, 980 F.2d at 1267 (internal citations omitted). Applying the *Eitel* factors, the Court will deny the Trustees' motion.

### 1. Possibility of Prejudice to Plaintiff

This factor weighs in favor of granting default judgment if a plaintiff would likely have no other course for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Trustees attempted to resolve the issue without judicial intervention by demanding reimbursement. Obeso's failure to reimburse Trustees or respond to the Complaint makes it unlikely that Trustees could recover without entry of default judgment. Trustees will likely suffer prejudice without entry of default judgment. This factor weighs in favor of granting the motion.

### 2. Merits of the Substantive Claim & Sufficiency of the Complaint

To recover in default, a plaintiff must "state a claim on which the [plaintiff] may recover." *Id.* at 1175 (alteration in original) (internal citations and quotation marks omitted). Trustees seek to recover under a theory of unjust enrichment. To prevail, Trustees must prove five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and impoverishment; (4) the absence of justification for the enrichment and impoverishment; and (5) the absence of a remedy provided by law. *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 283 P.3d 45, 49 (Ariz. App. 2012) (quoting *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. App. 2011)). The well-pleaded facts in the Complaint and the allegations in the motion and affidavit do not establish unjust enrichment. Trustees fail to allege *facts* supporting the conclusion that Obeso was ineligible to receive payments. In addition, Trustees fail to provide a calculation of damages by someone with personal knowledge of Trust Fund payments, or the Trust Fund Rules. Rather, Trustees make conclusory allegations that Obeso violated the trust rules by performing unknown work during some time period. *See Cripps*, 980 F.2d at 1267.

Further, although the statute of limitations is ordinarily an affirmative defense, the Court may raise the issue sua sponte while considering a motion for default judgment, but the plaintiff must have a chance to address the issue. *See Levald, Inc. v. City of Palm Desert*,

998 F.2d 680, 686-87 (9th Cir. 1993). The Complaint alleges Obeso was ineligible in 2011 but does not state when the alleged ineligibility was discovered. The Complaint was filed in 2018. This deficiency also counsels against granting the motion.

### 3. Sum at Stake

Where large sums of money are at stake, entry of default judgment is disfavored. *Tragni v. Manzanares*, No. CV 11-01173 EJD, 2011 WL 3740739, at *2 (N.D. Cal. Aug. 23, 2011); *See Eitel*, 782 F.2d at 1472. Trustees request $28,630.87 in damages and an additional $14,064.90 in attorney fees and costs. These amounts are more than nominal, but not extraordinary.

### 4. Possible Dispute Concerning Material Facts

The possibility of a dispute concerning material facts is another factor to consider. Defendants have not appeared after being served, so it is unlikely there is a dispute concerning material facts. This factor weighs in favor of granting Trustees' motion.

### 5. Excusable Neglect

This factor also weighs in favor of granting the motion. Defendants were served and notified of this pending litigation and failed to appear or otherwise defend the claim. There is no information which would support a conclusion that Defendants' failure to appear or file a responsive pleading were due to excusable neglect.

### 6. Strong Policy Favoring Decisions on the Merits

Although there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, that factor alone is not dispositive. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176-77. Here, this factor weighs in favor of granting the motion because Defendants' failure to defend makes a decision on the merits impracticable, if not impossible.

But for the Complaint's lack of details to support the substantive claim, the *Eitel* factors balance in the Trustee's favor. As establishment of a claim is necessary before the Court can grant a default judgement, the Court will deny Trustees' motion without prejudice. Trustees may refile within 30 days to address the deficiencies identified herein.

**B. Damages**

Damages awarded in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Further, a plaintiff must prove damages sought in the complaint, as those facts are not taken as true upon entry of default. *See Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "Default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

The Court finds Trustees' request for restitution of losses in the amount of $22,220.00 insufficiently supported. Although this amount is capable of mathematical calculation, as noted above in section A(2) the Trustees' calculations are deficient and do not prove damages. Exhibit A provides a summary of damages, but there is nothing to show personal knowledge about the underlying payments or explanation of how the listed time periods were determined to be accurate.[2] For the same reason, the Court finds that Trustees' request for lost investment income in the amount of $6,410.97 is insufficient. Trustees have not provided the Court with any evidence to support this amount or a basis upon which to calculate such damages.

**C. Attorney Fees and Costs**

Trustees have filed an Application and Affidavit in Support of Award of Attorney Fees and Costs. (Doc. 25). Trustees request recovery of reasonable attorney fees and costs, which the Court may grant in its discretion. 29 U.S.C. § 1132(g)(1). Because the Court is denying the motion for default judgment, the Court finds a request for fees is premature.

//

---

[2] The Court also notes there appears to be an error in Exhibit A. Line 7 of Exhibit A attached to Plaintiff's Affidavit in Support of Motion for Entry of Default Judgment reads "1 month for 1/10/2015 – 12/31/2015," which is internally inconsistent.

- 6 -

## CONCLUSION

Accordingly, IT IS ORDERED:

Plaintiff's Motion for Default Judgment (Doc. 23), and Application for an Award of Attorney Fees and Costs (Doc. 25) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days from the date of this Order to file an amended Motion and Application for an Award of Attorney Fees and Costs.

Dated this 30th day of August, 2019.

Honorable Jennifer G. Zipps
United States District Judge